**MICHAEL B. BIGELOW**
**Attorney at Law**
State Bar No. 65211
331 J Street, Suite 200
Sacramento, CA 95814
Telephone: (916) 443-0217
Email: LawOffice.mbigelow@gmail.com

Attorney for Defendant
Richard Hemsley

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No: 2:13-CR-0300 GEB |
| Plaintiff, | ) |
| vs. | ) **STIPULATION REGARDING** |
| | ) **EXCLUDABLE TIME PERIODS** |
| | ) **UNDER SPEEDY TRIAL ACT;** |
| JOHN HOLLISTER MAHAN, et al., | ) **[PROPOSED] FINDINGS AND ORDER** |
| | ) |
| Defendants. | ) Date: October 10, 2014 |
| | ) Time: 9:00 a.m. |
| | ) Courtroom: GEB |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their respective counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on September 12, 2014.

-1-

2. By this stipulation, defendants now move to continue the status conference until October 10, 2014, at 9:00 a.m., before the Honorable Garland E. Burrell Jr. and to exclude time between August 29, 2014, and October 10, 2014 under Local Code T4. Plaintiff does not oppose this request.

3. The parties agree and stipulate, and request that the Court find the following:

   a. The government has produced discovery associated with this case.

   b. Counsel for defendants request additional time to review discovery, to conduct investigation and research related to the charges, to discuss potential resolutions with his client, and to otherwise prepare for trial.

   c. Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. The government does not object to the continuance.

   e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

commence, the time period between the date of the parties' stipulation, August 29, 2014 and the new status conference on October 10, 2014 , inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

    4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the time period within which a trial must commence.

**IT IS SO STIPULATED.**

                                             BENJAMIN B. WAGNER
                                             United States Attorney

DATED: August 29, 2014        By: /s/ Samuel Wong
                                             Assistant United States Attorney

DATED: August 29, 2014           /s/ Patrick K. Hanly
                                             Counsel for Defendant
                                             John H. Mahan

DATED: August 29, 2014           /s/ Matthew Bockmon
                                             Counsel for Defendant
                                             Russell E. Gilmore

DATED:  August 29, 2014          /s/ Michael Bigelow
                                             Counsel for Defendant
                                             Richard D. Hemsley

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the representation of the parties and good cause appearing therefrom, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.  It is ordered that time beginning from the parties' stipulation on August 29, 2014, up to and including the October 10, 2014, status conference shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h) (7) (A) and (B) (iv) and Local Code T 4, to allow defense counsel reasonable time to prepare.

**IT IS SO ORDERED.**

Dated:  September 3, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge