UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSSELL EUGENE GILMORE, and RICHARD DAVID HEMSLEY,<br><br>    Defendants. | No.  2:13-cr-00300-GEB<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO SUPPRESS CELLPHONE EVIDENCE** |

        Defendant Russell Gilmore ("Gilmore") "moves to suppress cellphone evidence extracted with a Cellebrite forensics analyzing device between October 26, 2015 and November 2, 2015, from [two] cellphones initially seized [pursuant to a search warrant] on September 7, 2012." (Gilmore Mot. Suppress Cellphone Evid. 1:18-20, ECF No. 112.) Defendant Richard Hemsley ("Hemsley") "adopts and joins . . . Gilmore's Motion." (Hemsley Joinder, ECF No. 115.)

        The government rejoins that Gilmore lacks standing to challenge the search of either cellphone since the referenced cellphones are the property of either John Mahan ("Mahan") or Hemsley. (Gov't Opp'n 1:18-25, ECF No. 137.) The government further counters: "Hemsley lacks standing to challenge the search of Mahan's phone[,]" and "the United States does not intend to use any of the evidence obtained from a search of Hemsley's

1

phone[;] . . . thus Hemsley's challenge to the search of his own phone is moot." (Id. at 1:26-2:2.) The government's standing arguments are supported by the El Dorado County Sheriff's Office Supplemental Narrative concerning the cellphones' forensic analysis, which indicates Mahan is the owner of one of the cellphones and Hemsley owns the other. (Suppl. Narrative 1, 3, ECF No. 112, ECF pp. 19-23.)

Gilmore has not shown that he has standing to challenge the search of either cellphone, and Hemsley has not shown that he has standing to challenge the search of Mahan's cellphone. Therefore, these portions of the motions are DENIED.

Further, in light of the government's representation that it does not intend to use any evidence obtained from the search of Hemlsey's cellphone, Hemsley has not shown that the remainder of his motion presents a controversy ripe for judicial decision. Therefore, the portion of Hemsley's motion seeking to suppress evidence obtained from the search of his cellphone is also DENIED.

Dated: January 5, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2