UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>RUSSELL EUGENE GILMORE and<br>RICHARD DAVID HEMSLEY,<br><br>            Defendants. | No. 2:13-cr-00300-GEB<br><br><br>**DRAFT JUDGE VOIR DIRE** |

      Good morning and welcome to the United States District Court. Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. You are performing an important function in our legal system.

      The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter.

      We are about to begin what is known as voir dire. The purpose of voir dire is to determine whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from

1

sitting as a juror on this case. A potential juror can also be excused for other reasons.

1.  Ms. Furstenau, please administer the oath to the panel.

2.  The Jury Administrator randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which each potential juror was randomly selected. Each juror has been placed in his or her randomly-selected seat. The Courtroom Deputy has given each juror a large laminated card on which the number is placed that depicts the order in which the juror was randomly selected.

3.  I will ask the jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the juror in the lowest numbered seat will respond first. If no card is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That should expedite the process.

4.  If you conclude any question unduly pries into your private affairs and you, therefore, desire to discuss it

privately, let me know. I am authorized to protect legitimate privacy interests, but I may ask questions about the matter you indicate you want to discuss privately to determine whether it, or any aspect of the matter, should be discussed in the public courtroom. This approach is taken because the trial proceedings should be open unless I have a legitimate reason to close an aspect of it.

5. The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately six court days, after which the case will be submitted to the jury for jury deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations. Does this schedule present a special problem to anyone?

6. This is a criminal case brought by the United States against the defendants, Russell Gilmore and Richard Hemlsey. The indictment charges each defendant with producing, processing, preparing, planting, cultivating, growing, or harvesting marijuana. The indictment is a description of the charges against the defendants; it is not evidence.

The defendants have pleaded not guilty to the charges

and are presumed innocent unless and until proven guilty beyond a reasonable doubt.

Did you know about the allegations being tried in this case before I just stated them?

7. Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

8. Is there any reason why you are unable to give your full attention to this case?

9. Are you unable to decide this case based solely on the evidence presented?

10. Are you opposed to judging a witness's credibility?

11. Are you unable to apply the law I will give you if you believe a different law should apply?

12. The attorneys for the government may introduce themselves and read the names of all witnesses they intend to call.

Defense counsel may now introduce their clients.

Do you know or have you had any interaction with any person just introduced or named?

13. Have you ever served as a juror in the past?

State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the

actual verdict reached.

14. Have you, any member of your family, or any close friend ever been employed by a law enforcement agency, including military law enforcement?

Is there anything about that employment which might cause you to favor or disfavor any party in this case or make it difficult for you to be a juror in this case?

15. Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

16. Would you tend to disbelieve the testimony of a witness just because that witness is a law enforcement officer?

17. Have you, any member of your family, or any close friend ever been arrested or charged for a crime or been a defendant in a criminal case?

Could what you just communicated have a bearing on your ability to be an impartial juror in this case?

18. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

19. Do you have any problem with the rule of law that a defendant need not testify on his own behalf, and that if a defendant chooses not to testify, that factor may not be

considered by you in your deliberations?

20. Have you had any experience or are you aware of anything that could have a bearing on your ability to be a fair and impartial juror in this case.

21. Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Do you have any information that you think should be shared before each side is given an opportunity to exercise what are called peremptory challenges.

22. The Courtroom Deputy Clerk will give juror number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions. The sheet asks you to state:

Your name and your educational background and the educational background of any person residing with you; and

Your present and former occupations and the present and former occupations of any person residing with you.

Dated:  April 12, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge