UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:13-cr-300-GEB |
|---|---|
| Plaintiff, | AMENDED ORDER CONCERNING WHETHER EX PARTE RULING UNDER THE CRIMINAL JUSTICE ACT INVOLVING DEFENDANT RICHARD HEMSLEY SHOULD BE RECONSIDERED |
| v. | |
| JOHN MAHAN, ET AL., | |
| Defendants. | |

In connection with an ex parte request made under the Criminal Justice Act ("CJA") involving Defendant Richard Hemsley, this Order will seal two granted ex parte CJA requests, one is dated March 30, 2017 (March 30 request) and the other is dated April 21, 2018 (April 21 request). The CJA Panel Administrator informed the undersigned on May 3, 2018, in response to an inquiry from the undersigned, that stand-by attorney David Fischer stated the March 30 "authorization was closed out because the client had moved from Pro Se to being represented by Mr. Fischer and, at that time, those paralegal funds were no longer needed. Then, recently, it was determined that more paralegal funds were needed so he submitted [the April 21 request]." Part of the April 21 request may be reconsidered in an ex parte proceeding now scheduled to commence at 9:00 a.m. on May 11, 2018.

Further, on April 12, 2018 Defendant Hemsley filed a

1

Petition for "Funding Legal Aid." "Persons who are eligible for representation under the CJA, but who have elected to proceed pro se, may, upon request, be authorized to obtain . . . [certain] services in accordance with 18 U.S.C. § 3006A(e)." Guide to Judiciary Policy, Vol. 7, Pt. A, Ch. 3 § 310.10.30(a). "The court should authorize [certain] services for pro se litigants and review and approve resulting claims in the same manner as is its practice with respect to requests made by CJA panel attorneys." Id. § 310.10.30(b). The Fifth Circuit states in United States v. Hamlet, 456 F.2d 1284, 1284 (5th Cir. 1972): When "[t]he . . . [Defendant] . . . act[s] as his own counsel [this] . . . heightens the court's responsibility to make a careful ex parte inquiry and determination of the need for such services." However, "[i]n order to obtain services under [the CJA], the defendant must do more than allege that the services would be helpful. The defendant bears the burden of showing that the requested services are 'necessary' to present an adequate defense." United States v. Kennedy, 64 F.3d 1465, 1470 (10th Cir. 1995) (citation omitted); see 18 U.S.C. § 3006A(e)(1) ("Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary . . . the court . . . shall authorize . . . the services.").

No party, other than Defendant Hemsley, is authorized to see the sealed CJA documents, unless the decision is ultimately made to unseal the documents. See generally, United States v. Seugasala, 670 F. App'x 641, 641 (9th Cir. 2016) (stating that the "general rule, often stated as the district court 'losing jurisdiction' upon the filing of a notice of appeal

is a judge-made doctrine developed for the purpose of maximizing judicial economy[, and it] does not actually 'strip[] the district court of [its] subject matter jurisdiction [because]' [t]he district court may still take 'action [that] aids [the Ninth Circuit] in [its] review'").

Dated: May 4, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge